UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                  PLAINTIFF

v.                                               CRIMINAL ACTION NO. 3:05-CR-00121

TOREE SIMS                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court pursuant to an order of the United States Court of Appeals for the Sixth Circuit, dated May 29, 2012 (DN 405). That order directs this court to determine whether a notice of appeal filed by defendant Toree Sims should be treated as a motion for an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5), and, if appropriate, for a ruling on the motion.

Sims was indicted on drug trafficking charges and found guilty, after a jury trial, of conspiracy to traffic in cocaine. Sims filed a timely notice of appeal from his conviction.

Meanwhile, Sims filed in this court a *pro se* motion for return of personal property pursuant to Federal Rule of Criminal Procedure 41(e) (DN 376). On January 23, 2012, an order was entered denying the motion for return of personal property (DN 295). On March 30, 2012, a notice of appeal by Sims from that order was filed in this court; the notice of appeal was postmarked March 28, 2012 (DN 404).

The Sixth Circuit ordered Sims to show cause as to why his appeal should not be dismissed on the basis of a late notice of appeal. Sims responded that he had a change in his representation, and his new counsel inadvertently overlooked filing a timely notice of appeal. The Sixth Circuit,

noting that the notice of appeal was filed within the time for filing a Federal Rule of Appellate Procedure 4(a)(5) motion for an extension of time, remanded to this court for the "limited purpose of determining whether the notice of appeal should be treated as a Rule 4(a)(5) motion for an extension of time and, if appropriate, for a ruling on the motion" (DN 405).

Federal Rule of Appellate Procedure 4(a)(1)(B) provides that a notice of appeal in a case where one of the parties is the United States must be filed by any party within 60 days after entry of the judgment or order appealed from. However, Rule 4(a)(5)(A) provides that a district court may extend the time to file a notice of appeal where a party makes a motion for an extension of time no later than 30 days after the time otherwise prescribed for filing a notice of appeal expires and the party shows excusable neglect or good cause. However, a motion for an extension of time filed after the expiration of the prescribed time to file a notice of appeal must be made on notice to the other parties. FED. R. APP. P. 4(a)(5)(B).

Here, as the Sixth Circuit noted in its order remanding the case, Sims' notice of appeal was postmarked March 28, 2012 and filed in this court two days later; therefore, the notice of appeal was both postmarked and filed more than 60 days after January 23, 2012, the date of entry of the order he appealed from. The notice of appeal was, however, filed within the 30-day period provided by Federal Rule of Appellate Procedure 4(a)(5)(A) for filing a motion for an extension of time. But, while a motion for an extension of time that was filed at the same time as the notice of appeal would have been timely, Sims did not file such a motion. And, as explained below, there are two problems with treating the notice of appeal as such a motion.

First, the notice of appeal makes no attempt to show good case or excusable neglect on its face. That defect alone precludes this court from considering the notice of appeal to be a motion for

an extension of time. As the Sixth Circuit has stated in no uncertain terms "A late notice of appeal which fails to allege excusable neglect or good cause can no longer serve as a substitute" for a motion for an extension of time. *Pryor v. Marshall*, 711 F.2d 63, 65 (6th Cir. 1983); *see Wilson v. United States*, 229 F.3d 1155, 2000 WL 1175673, at *1 (6th Cir., Aug. 9, 2000) (unpublished table decision); *Mattoon v. Davis*, 2009 WL 367687, at *1 (E.D.Mich. Feb. 11, 2009).

The second problem with considering Sims' untimely notice of appeal to be a timely motion for an extension of time is that there is no indication that Sims ever served the notice of appeal on the United States. There is no affidavit of service included with his notice of appeal, nor does the notice of appeal contain any notation, such as a "cc" line, indicating that the notice of appeal was provided to the United States. Federal Rule of Appellate Procedure 4(a)(5)(B) specifically provides that motions for extension of time to file a notice of appeal that are made after the prescribed time for the notice of appeal has passed must be made on notice to the other parties.

Because Sims' notice of appeal made no attempt to show good cause or excusable neglect and made no showing that notice had been provided to the United States, this court will decline to treat the notice of appeal as a motion for an extension of time.

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the notice of appeal filed by Sims from the order entered by this court on January 23, 2012 shall not be treated as a motion for an extension of time to file a notice of appeal.

June 15, 2012

D03

**Charles R. Simpson III, Judge**
**United States District Court**

cc: Counsel of Record
U.S. Court of Appeals, Sixth Circuit
Defendant Sims, pro se

- 3 -